UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROMELIA SALDIVAR PLACENCIA and MANUEL PLACENCIA-SANCHEZ, as parents and next friends of V.Z.P., a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17 C 4648 |
| v. | ) ) | |
| NORTHWESTERN MEMORIAL HOSPITAL; ERIE FAMILY HEALTH CENTER, INC.; AND FABIOLA FERNANDEZ, M.D., | ) ) ) ) ) | Formerly case no. 2017 L 002208 Circuit Court of Cook County, Illinois |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:     Dorothy Brown                                Thomas P. Routh
        Clerk of the Circuit Court                   Nolan Law Group
        Richard J. Daley Center, Room 1001           20 North Clark Street, 30th Floor
        50 West Washington Street                    Chicago, Illinois 60602
        Chicago, Illinois 60602

        Stetson Atwood
        David Duffey
        Donohue Brown Mathewson
        140 South Dearborn Street, Suite 800
        Chicago, Illinois 60603

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney

for the Northern District of Illinois, submits this notice of removal of the above-captioned civil

action from the Circuit Court of Cook County, Illinois, to the United States District Court,

Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support states the following:

1.      On March 1, 2017, plaintiffs Romelia Saldivar Placencia and Manuel Placencia-

Sanchez, as parents and next friends of V.Z.P., a minor, commenced the above civil action against

Northwestern Memorial Hospital, Erie Family Health Center, Inc., and Fabiola Fernandez, M.D., alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Erie Family Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B. In addition, Dr. Fernandez was acting within the scope of her employment at Erie Family Health Center with respect to the incidents referred to in the complaint. *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Erie Family Health Center was a private entity receiving grant money from the Public Health Service and that defendant Dr. Fernandez was acting within the scope of her employment at Erie Family Health Center with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Erie Family Health Center, Inc. and Fabiola Fernandez, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Erie Family Health Center, Inc., and Fabiola Fernandez, M.D.

Respectfully submitted,

JOEL R. LEVIN
Acting United States Attorney

By: s/ Alex Hartzler
    Alex Hartzler
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

# Exhibit A



ELECTRONICALLY FILED
3/1/2017 5:36 PM
2017-L-002208
CALENDAR: R
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

(11) 15035 TPR/tje

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROMELIA SALDIVAR PLACENCIA and ）
MANUEL PLACENCIA-SANCHEZ, as parents ）
and next friends of VIANCA ZOE PLACENCIA, ）
a minor, ）
                                         ）      Case No.

                         Plaintiffs, ）

                       v.                     ）      **PLAINTIFFS DEMAND**
                                           ）      **TRIAL BY JURY**

NORTHWESTERN MEMORIAL HOSPITAL, a ）
corporation, ERIE FAMILY HEALTH CENTER, ）
INC., a corporation, and FABIOLA FERNANDEZ, ）
M.D., ）
                                         ）

                       Defendants. ）

## COMPLAINT AT LAW

NOW COME Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, as

parents and next friends of Vianca Zoe Placencia, a minor, by their attorneys, Nolan Law Group,

and for their complaint against Defendants, Northwestern Memorial Hospital, a corporation, Erie

Family Health Center, Inc., a corporation, and Fabiola Fernandez, M.D., and each of them, state

as follows:

### Common Allegations of Fact

1. On March 2, 2009, and at all times relevant, Defendant, Northwestern Memorial

Hospital was and continues to be a corporation organized and existing under the laws of the State

of Illinois which maintains its principal place of business in Cook County, Illinois.

2. On March 2, 2009, and at all times relevant, Defendant, Northwestern Memorial

Hospital, operated a General Hospital located at or near 251 East Huron Street in Chicago, Illinois

pursuant to license from the State of Illinois under license number 0003251, which hospital was accredited by the Joint Commission on Accreditation of Healthcare Organizations.

3.    On March 2, 2009 at approximately 1:00 a.m., Romelia Saldivar Placencia (hereinafter "Mrs. Placencia"), presented at Northwestern Memorial Hospital at approximately 40.4 weeks gestation, having experienced a rupture of membranes approximately 90 minutes prior to presentation, and was thereafter admitted as an inpatient at Northwestern Memorial Hospital in its Labor & Delivery Unit.

4.    On March 2, 2009, Defendant, Northwestern Memorial Hospital, accepted Mrs. Placencia as a patient and a hospital-patient relationship began by and between Defendant, Northwestern Memorial Hospital, and Mrs. Placencia.

5.    On March 2, 2009 and at all times relevant, Defendant, Northwestern Memorial Hospital, employed or otherwise contracted with and engaged certain individuals as its actual and/or apparent agents, including certain nurses, to provide medical care and treatment to patients presenting to its Labor & Delivery Unit, such as Mrs. Placencia.

6.    On March 2, 2009, certain individuals employed as nurses in the Labor & Delivery Unit of Northwestern Memorial Hospital undertook to provide nursing care and treatment to Mrs. Placencia and a nurse-patient relationship then and there began by and between each of those nurses and Mrs. Placencia.

7.    On March 2, 2009, and at all times relevant, Defendant, Fabiola Fernandez, M.D., was and continues to be a resident of the State of Illinois.

8.    On March 2, 2009, and at all times relevant, Defendant, Fabiola Fernandez, M.D., was a physician licensed by the State of Illinois under license number 036-101091 to practice

medicine and was engaged in the practice of obstetrics and gynecological medicine with staff privileges at Northwestern Memorial Hospital.

9.      On March 2, 2009, and at all times relevant, Defendant, Erie Family Health Center, Inc., was and continues to be a corporation organized and existing under the laws of the State of Illinois which maintains its principal place of business in Cook County, Illinois.

10.      On March 2, 2009, and at all times relevant, Defendant, Fabiola Fernandez, M.D., was an agent and employee of Defendant, Erie Family Health Center, Inc.

11.      On March 2, 2009 and at all times relevant, Dr. Fernandez was acting within the scope and course of her employment as an employee and agent of Defendant, Erie Family Health Center, Inc.

12.      On March 2, 2009 and while Mrs. Placencia was an inpatient in the Labor & Delivery Unit at Northwestern Memorial Hospital, Defendant, Fabiola Fernandez, M.D., an obstetrician, undertook to treat Mrs. Placencia and a physician-patient relationship then and there began by and between Defendant, Fabiola Fernandez, M.D., and Mrs. Placencia.

### Count I

### Negligence – Northwestern Memorial Hospital

1-12.      Plaintiffs hereby adopt and allege paragraphs 1 through 12, inclusive of Plaintiffs' Common Allegations of Fact as and for paragraphs 1 through 12, inclusive of Count I as though fully set forth herein.

13.      On March 2, 2009, it then and there became and was the duty of Defendant, Northwestern Memorial Hospital, through its actual and/or apparent agents, including its Labor & Delivery nursing staff, to exercise that degree of care and skill in providing medical care and treatment to Mrs. Placencia and the baby she was carrying that is ordinarily exercised by similar

duly licensed institutions, doctors and nurses for the safety and well-being of Romelia Saldivar Placencia for the labor and delivery of the baby she was carrying.

14.     On March 2, 2009, and notwithstanding the aforesaid duty, Defendant, Northwestern Memorial Hospital, individually and/or through its employees or agents breached its duty of care and deviated from the acceptable standards of care in providing medical care and treatment to Mrs. Placencia and the baby she was carrying through one or more of the following acts or omissions:

  a.    Negligently and carelessly failed to properly and adequately monitor the status and progression of Mrs. Placencia's labor and delivery, including the crowning of the fetal head;

  b.    Negligently and carelessly failed to properly and adequately manage Mrs. Placencia's labor and delivery, including the locations, responsibilities, and/or performance of the members of the labor and delivery team;

  c.    Negligently and carelessly failed to have a hand upon or otherwise touch or manually manage the fetal head and baby during the delivery process at and following crowning of the fetal head; and/or

  d:    Negligently and carelessly otherwise deviated from the acceptable standards of care in providing medical care and treatment during the labor and delivery in particulars to be determined through discovery herein.

15.     That as a direct and proximate result of one or more of the aforesaid breaches of duty by Defendant, Northwestern Memorial Hospital, individually and/or its employees or agents, the baby being carried by Mrs. Placencia was delivered without being touched or handled, fell, and forcibly struck the floor in the delivery room, further causing the baby, now known as Vianca Zoe Placencia, a minor, to sustain serious and diverse injuries to her person.

16.     That as a result of the aforesaid injuries, Vianca Zoe Placencia, a minor, was caused to and will in the future experience great pain and suffering, has suffered and will in the future

suffer disability and disfigurement, has suffered and will in the future suffer from the loss of a normal life, has incurred and will in the future be caused to incur expenses for necessary medical care, treatment and services, will in the future suffer a loss of earnings and will be damaged in her earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

17.     Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, are the natural parents and next friends of Vianca Zoe Placencia, a minor.

18.     Attached to this complaint as Exhibit A is an affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/6-222(a)(2) and 3..

WHEREFORE Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, as parents and next friends of Vianca Zoe Placencia, a minor, pray that judgment be entered in their favor and against Defendant, Northwestern Memorial Hospital, a corporation, in a sum in excess of fifty thousand dollars ($50,000.00), together with attorney fees and the costs of bringing this action.

## Count II

### Negligence – Erie & Dr. Fernandez

1-12.     Plaintiffs hereby adopt and allege paragraphs 1 through 12, inclusive of Plaintiffs' Common Allegations of Fact as and for paragraphs 1 through 12, inclusive of Count II as though fully set forth herein.

13.     On March 2, 2009, Defendant, Fabiola Fernandez, M.D., individually and as agent of Defendant, Erie Family Health Center, Inc., then and there owed a duty to Mrs. Placencia and the baby she was carrying to render the level of care, skill, training, knowledge and expertise consistent with accepted medical practices and standards for a provider having the same or similar training, skill, knowledge, expertise, equipment, and facilities, under the same or similar

circumstances.

14.     On March 2, 2009, and notwithstanding the aforesaid duty, Defendant, Fabiola Fernandez, M.D., individually and as agent of Defendant, Erie Family Health Center, Inc., breached her duty of care and deviated from the acceptable standards of care in providing medical care and treatment to Mrs. Placencia and the baby she was carrying through one or more of the following acts or omissions:

   a.     Negligently and carelessly failed to properly and adequately monitor the status and progression of Mrs. Placencia's labor and delivery, including the crowning of the fetal head;

   b.     Negligently and carelessly failed to properly and adequately manage Mrs. Placencia's labor and delivery, including the locations, responsibilities, and performance of the members of the labor and delivery team;

   c.     Negligently and carelessly failed to have a hand upon or otherwise touch or manually manage the fetal head and baby during the delivery process at and following crowning of the fetal head; and/or

   d.     Negligently and carelessly otherwise deviated from the acceptable standards of care in providing medical care and treatment during the labor and delivery in particulars to be determined through discovery herein.

15.     That as a direct and proximate result of one or more of the aforesaid breaches of duty by Defendant, Fabiola Fernandez, M.D., individually and as agent of Defendant, Erie Family Health Center, Inc., the baby being carried by Mrs. Placencia was delivered without being touched or handled, fell, and forcibly struck the floor in the delivery room, further causing the baby, now known as Vianca Zoe Placencia, a minor, to sustain serious and diverse injuries to her person.

16.     That as a result of the aforesaid injuries, Vianca Zoe Placencia, a minor, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has suffered and will in the future suffer from the loss of a

normal life, has incurred and will in the future be caused to incur expenses for necessary medical care, treatment and services, will in the future suffer a loss of earnings and will be damaged in her earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

17.    Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, are the natural parents and next friends of Vianca Zoe Placencia, a minor.

18.    Attached to this complaint as Exhibit B is an affidavit of Plaintiffs' attorney with the reviewing health professional report attached thereto in compliance with the provisions of 735 ILCS 5/2-622.

WHEREFORE Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, as parents and next friends of Vianca Zoe Placencia, a minor, pray that judgment be entered in their favor and against Defendants, Erie Family Health Center, Inc., a corporation, and Fabiola Fernandez, M.D., and each of them, in a sum in excess of fifty thousand dollars ($50,000.00), together with attorney fees and the costs of bringing this action.

## Count III

### Res Ipsa Loquitor – All Defendants

1-12. Plaintiffs hereby adopt and allege paragraphs 1 through 12, inclusive of Plaintiffs' Common Allegations of Fact as and for paragraphs 1 through 12, inclusive of Count II as though fully set forth herein.

13.    On March 2, 2009, at approximately 9:54 a.m. at Northwestern Memorial Hospital, the baby being carried by Mrs. Placencia was delivered without being touched or handled, fell, and forcibly struck the floor in the delivery room, further causing the baby, now known as Vianca Zoe Placencia, a minor, to sustain serious and diverse injuries to her person.

14.     That the occurrence of such an injurious event during delivery is one that ordinarily does not occur in the absence of negligence.

15.     That the acts and/or omissions that caused the injury were within the special knowledge and under the exclusive control of Defendants, Northwestern Memorial Hospital, Erie Family Health Center, Inc., a corporation, and Fabiola Fernandez, M.D.

16.     That as a result of the aforesaid injuries, Vianca Zoe Placencia, a minor, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has suffered and will in the future suffer from the loss of a normal life, has incurred and will in the future be caused to incur expenses for necessary medical care, treatment and services, will in the future suffer a loss of earnings and will be damaged in her earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

17.     Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, are the natural parents and next friends of Vianca Zoe Placencia, a minor.

18.     Attached to this complaint as Exhibit B is an affidavit of Plaintiffs' attorney with the reviewing health professional report attached thereto in compliance with the provisions of 735 ILCS 5/2-622.

WHEREFORE Plaintiffs, Romelia Saldivar Placencia and Manuel Placencia-Sanchez, as parents and next friends of Vianca Zoe Placencia, a minor, pray that judgment be entered in their favor and against Defendants, Northwestern Memorial Hospital, a corporation, Erie Family Health Center, Inc., a corporation, and Fabiola Fernandez, M.D., and each of them, in a sum in excess of fifty thousand dollars ($50,000.00), together with attorney fees and the costs of bringing this action.

Respectfully submitted,

NOLAN LAW GROUP

One of the Attorneys for Plaintiff

Attorney No. 36211

Thomas P. Routh, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, IL 60602
Tel: (312) 630-4000

(#36211)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROMELIA SALDIVAR PLACENCIA and )
MANUEL PLACENCIA-SANCHEZ, as parents )
and next friends of VIANCA ZOE PLACENCIA, )
a minor, )
                                               )     Case No.
                    Plaintiffs, )
                                               )
        v. )
                                               )
NORTHWESTERN MEMORIAL HOSPITAL, a )
corporation, ERIE FAMILY HEALTH CENTER, )
INC., a corporation, and FABIOLA FERNANDEZ, )
M.D., )
                                               )
                    Defendants. )

## ATTORNEY'S AFFIDAVIT PURSUANT TO
## 735 ILCS 5/2-622(a)(2) AND (3)

      I, THOMAS P. ROUTH, being first duly sworn on oath, due hereby state that I have

personal knowledge of the matters set forth in this Affidavit and if called as a witness would

competently testify as follows:

    1.     I am one of the attorneys for the Plaintiffs.

    2.     I was unable to obtain a consultation required pursuant to 735 ILCS 5/2-622(a)(1)

as to Defendant Northwestern Memorial Hospital and its employees and agents because a statute

of limitations would impair the action and the consultation required could not be obtained before

the expiration of the statute of limitations.

    3.     Additionally, a request has been made by me as Plaintiffs' attorney for examination

and copying of records to Northwestern Memorial Hospital for pursuant to 735 ILCS 5/8-2001

relating to each Romelia Saldivar Placencia and her daughter, Vianca Zoe Placencia, and



EXHIBIT

A

Northwestern Memorial Hospital has failed to produce complete records within 60 days of the receipt of each of the requests.

**FURTHER AFFIANT SAYETH NOT.**

NOLAN LAW GROUP

THOMAS P. ROUTH

Subscribed and sworn to before
me this _____ 1st day of March, 2017

NOTARY PUBLIC

OFFICIAL SEAL
JULIE A OLOROSO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/13/19

Thomas P. Routh, Esq.
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, IL 60602
(312) 630-4000
(312) 630-4011 (Fax)
Atty. No.: 36211

2

(#36211)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROMELIA SALDIVAR PLACENCIA and )
MANUEL PLACENCIA-SANCHEZ, as parents )
and next friends of VIANCA ZOE PLACENCIA, )
a minor, )
            )     Case No.
                   Plaintiffs, )
            )
        v. )
            )
NORTHWESTERN MEMORIAL HOSPITAL, a )
corporation, ERIE FAMILY HEALTH CENTER, )
INC., a corporation, and FABIOLA FERNANDEZ, )
M.D., )
            )
             Defendants. )

## ATTORNEY'S AFFIDAVIT PURSUANT TO
## 735 ILCS 5/2-622(a)(1)

I, THOMAS P. ROUTH, being first duly sworn on oath, due hereby state that I have

personal knowledge of the matters set forth in this Affidavit and if called as a witness would

competently testify as follows:

1.     I am one of the attorneys for the Plaintiffs.

2.     I have consulted and reviewed the facts of this case with a health professional who

I reasonably believe; (i) is knowledgeable in the relevant issues involved in this particular action;

(ii) practices or has practiced within the last six (6) years, or teaches or has taught within the last

six (6) years in the same area of health care or medicine that is at issue in this particular action

and; (iii) is qualified by experience or demonstrated a competence in the subject of this case.

3.     That the reviewing health professional has determined in a written report, that after

a review of the medical records and other relevant material involved in this particular action, that



EXHIBIT

B

there is a reasonable and meritorious cause for the filing of this action against Erie Family Health Center, Inc., and Fabiola Fernandez, M.D.

4.    That I have concluded on the basis of the reviewing health professional's review and consultation that there is reasonable and meritorious cause for filing this action against the aforesaid parties.

5.    That a true and accurate copy of the reviewing health professional's report is attached to this affidavit as Exhibit 1.

6.    I further certify pursuant to 735 ILCS 5/2-622(c) that Plaintiffs intend to rely on the doctrine of "res ipsa loquitor" as defined by 735 ILCS 5/2-1113 as to Count III of their Complaint at Law.

**FURTHER AFFIANT SAYETH NOT.**

NOLAN LAW GROUP

THOMAS P. ROUTH

Subscribed and sworn to before
me this _____ day of March, 2017

NOTARY PUBLIC

OFFICIAL SEAL
JULIE A OLOROSO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/13/19

Thomas P. Routh, Esq.
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, IL  60602
(312) 630-4000
(312) 630-4011 (Fax)
Atty. No.: 36211

EXHIBIT 1

| | |
|---|---|
| Mother: | Romelia Placencia |
| DOB: | 12/13/1972 |
| | |
| Daughter: | Vianca Zoe Placencia |
| DOB: | 3/2/2009 |

Dear Mr. Routh:

I am a physician licensed to practice medicine in all of its branches and am board certified in obstetrics and gynecology. I am by training and experience familiar with the standard of care and principles and applicable guidelines related to labor and delivery. At your request I have reviewed the records relating to the labor and delivery for the patient, Romelia Placencia and the post-delivery records of her daughter, Vianca Zoe Placencia. Based upon my training, experience, and review of the records, it is my opinion that there exists a reasonable and meritorious basis for bringing a lawsuit for medical negligence against Erie Family Health Center, Inc. and Fabiola Fernandez, M.D.

Mrs. Placencia received unremarkable prenatal care and treatment at Erie West Town Clinic primarily through Virgil C. Reid, M.D. On March 1, 2009 at approximately 11:30 p.m., Mrs. Placencia experienced a rupture of membranes. She thereafter presented to Northwestern Memorial Hospital on March 2, 2009 and was admitted as an inpatient. On March 2, 2009, her baby, Vianca Zoe Placencia, was delivered untouched at 9:54 a.m. and fell onto the floor of the delivery room. Dr. Fabiola Fernandez was the obstetrician managing the labor and delivery. Particular attention is given to the note of Dr. Fernandez that "...the baby fell on the floor immediately after delivery. The mom was crowning and within a second the baby was on the floor. I was present and ready to deliver the baby on the mom's perinuem [sic] but never touched the baby before it fell."

It is my opinion that Dr. Fernandez failed to properly and adequately manage and monitor the status and progression of Mrs. Placencia's labor and delivery, and failed to properly manage and control the fetal head and baby during the delivery process at and following crowning.

As a result of the above-stated deviations from the standards of care, the newborn, Vianca Zoe Placencia, was delivered untouched and fell to the floor of the delivery room.

Respectfully,



EXHIBIT

1

tabbies

ELECTRONICALLY FILED
3/1/2017 5:36 PM
2017-L-002208
CALENDAR: R
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

(No. 36211)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROMELIA SALDIVAR PLACENCIA and )
MANUEL PLACENCIA-SANCHEZ, as parents )
and next friends of VIANCA ZOE PLACENCIA, )
a minor, )
                                                 )      Case No.
                              Plaintiffs,  )
                                                 )
                                                 )
        v.                                  )
                                               )      **PLAINTIFFS DEMAND**
NORTHWESTERN MEMORIAL HOSPITAL, a )      **TRIAL BY JURY**
corporation, ERIE FAMILY HEALTH CENTER, )
INC., a corporation, and FABIOLA FERNANDEZ, )
M.D., )
                                                 )
                           Defendants.  )

## JURY DEMAND

Plaintiffs, ROMELIA SALDIVAR PLACENCIA and MANUEL PLACENCIA-

SANCHEZ, as parents and next friends of VIANCA ZOE PLACENCIA, a minor, demand a jury

trial.

                                  NOLAN LAW GROUP

                                  One of the Attorneys for Plaintiffs

Thomas P. Routh
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000
Fax: (312) 630-4011
Atty. No. 36211

ELECTRONICALLY FILED
3/1/2017 5:36 PM
2017-L-002208
CALENDAR: R
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

No. 36211)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROMELIA SALDIVAR PLACENCIA and | ) | |
| MANUEL PLACENCIA-SANCHEZ, as parents | ) | |
| and next friends of VIANCA ZOE PLACENCIA, | ) | |
| a minor, | ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWESTERN MEMORIAL HOSPITAL, a | ) | |
| corporation, ERIE FAMILY HEALTH CENTER, | ) | |
| INC., a corporation, and FABIOLA FERNANDEZ, | ) | |
| M.D., | ) | |
| | ) | |
| Defendants. | ) | |

### SUPREME COURT RULE 222 AFFIDAVIT OF DAMAGES

THOMAS P. ROUTH, being first duly sworn under oath, states as follows:

1. That your affiant is one of the attorneys of record for the plaintiffs in this matter.

2. That the total money damages sought in this civil action exceeds $50,000.

FURTHER AFFIANT SAYETH NOT.

_____
One of the Attorneys for Plaintiffs

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that
the statements set forth herein are true and correct.

Sworn and Subscribed before me on March 1, 2017

_____
Notary Public

> OFFICIAL SEAL
> JULIE A OLOROSO
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES 10/13/19

Thomas P. Routh, Esq.
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, IL  60602
(312) 630-4000
(312) 630-4011 (Fax)
Atty. No.: 36211

# Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Romelia Saldivar Placencia, et al. v. Northwestern Memorial Hospital, et al.,* No. 2017 L 2208 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Erie Family Health Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Fabiola Fernandez, M.D., was acting within the scope of her employment at Erie Family Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Erie Family Health Center and Fabiola Fernandez, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: June 20, 2017